UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 25-7346-RGK (JPR)**                                                            Date: **August 27, 2025**
Title:  **Frank Nathan Escalante v. Stephen Smith, Warden**
===============================================================
**DOCKET ENTRY: Order to Show Cause Why This Action Should Not Be Dismissed**
===============================================================
PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:              ATTORNEYS PRESENT FOR RESPONDENT:
         None present                                                                             None present

**PROCEEDINGS: (IN CHAMBERS)**

On August 4, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. Petitioner, who is in state custody on his 2015 convictions for first-degree murder, conspiracy to commit murder, and firearm possession, challenges the restitution order entered in connection with those convictions, finding him "jointly and severally liable" with his codefendants.  (Pet., ECF No. 1 at 2, 5-6.)

The Petition appears to be second or successive under § 2244(b) because Petitioner has previously challenged his underlying 2015 judgment of conviction through an unsuccessful habeas petition.  See J., Escalante v. Robertson, No. 2:19-cv-5563-RSWL-JPR, ECF No. 27 (C.D. Cal. Nov. 5, 2021) (denying petition on merits and dismissing action with prejudice).

Further, "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) (citations omitted); see 28 U.S.C. § 2254(a).  The language of the habeas statute requires a nexus between the petitioner's claim and the unlawful nature of his custody.  Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).  A claim challenging the "imposition of a fine, by itself, is

MINUTES FORM 11                                                                                   Initials of Deputy Clerk: bm
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.    **CV 25-7346-RGK (JPR)** | **August 27, 2025** |
| **Frank Nathan Escalante v. Stephen Smith** | **Page 2** |

---

not sufficient to meet § 2254's jurisdictional requirements." Munoz v. Smith, 17 F.4th 1237, 1245 (9th Cir. 2021) (quoting Bailey, 599 F.3d at 979, and finding that requirement that petitioner pay $30 monthly supervision fee did not render him "in custody" for purposes of § 2254's jurisdictional requirement); Bailey, 599 F.3d at 980-81 (no § 2254 jurisdiction over claim challenging restitution order); see also United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002) (no jurisdiction under 28 U.S.C. § 2255 over claim challenging restitution order).

Here, Petitioner's claims pertain only to his restitution order. (See Pet., ECF No. 1 at 2, 5-6.) Thus, they are likely not cognizable on federal habeas review, and the Court is likely without jurisdiction over the Petition. See Bailey, 599 F.3d at 981.

No later than 21 days from the date of this order, Petitioner must show cause in writing why his habeas Petition should not be dismissed. He is warned that if he fails to timely respond to this order, this action may be dismissed for failure to prosecute and for the reasons discussed herein.

cc: Judge Klausner

MINUTES FORM 11                                          Initials of Deputy Clerk : bm
CIVIL-GEN